CLARENCE A. BURLEY, AS EXECUTOR OF AND TRUSTEE UNDER THE LAST
WILL AND TESTAMENT OF ELIZABETH J. WHITNEY, LOUISA
CHAPIN TELLING, ELIZABETH GREENE, EDWARD F.
CHAPIN, JR., AND MARY W. WHITE

*v.*

STATE OF ILLINOIS.

*Opinion filed May 16, 1917.*

INHERITANCE TAX—*Burley et al,* v. *State ante followed.* This case is
governed by the facts in the case of *Burley, et al* v. *State, supra.*

Clarence A. Burley, for Claimants.
Edward J. Brundage, Attorney General, for State.

Elizabeth J. Whitney, deceased, left the bulk of her estate in trust
to be given to her four grandchildren. They were not to receive their
respective shares until they attained the age of thirty. At the time of
her death, none of said children had reached the age of thirty years,
and the inheritance tax appraiser, assumed that only the eldest grand-
child would reach that age, and accordingly fixed the tax on that basis,
allowing but one exemption of $20,000.00.

The inheritance tax was paid on that basis within six months after
the death of the decedent, which amounted to $414.83, after allowing
the five per cent discount as provided by law.

It was agreed between the beneficiaries that the tax should be paid
out of the general fund of the estate in order to protect the eldest grand
child, and it was further agreed that upon recovery of any part of the
tax, the same should be divided equally between them.

On June 30, 1912, Louisa Chapin Telling, the oldest of the grand-
children reached the age of thirty years, and received her one-fourth
share of the estate. Having been allowed her exemption no claim arose
as to her share of the tax as assessed.

Later, on September 5, 1914, Elizabeth Chapin Greene, the second
oldest of the grandchildren reached the age of thirty years, and re-
ceived her share of the estate. She accordingly filed a claim in this
Court for the tax upon her exemption of $20,000.00, which would be
$200.00 less the five per cent discount, amounting to $10.00, leaving a
total of $190.00, with interest at the rate of 3% from the time of pay-
ment. Her claim was allowed by this Court in an opinion filed October
2, 1916.

On May 13, 1916, Edward F. Chapin, Jr., attained the age of thirty
years, and received his share of the estate. Having reached the age of
thirty years, there is another exemption of $20,000.00, which should be
allowed, upon which the tax would be $200.00, less the five per cent

discount, amounting to $10.00, leaving a balance of $190.00 which should be refunded to claimants with interest thereon from March 30, 1911, being the date when the tax was paid.

For the reasons assigned in our former opinion in this case herein referred to, claimants are awarded one hundred ninety and 00/100 ($190.00) dollars, with interest thereon at three per cent from March 30, 1911.